[Cite as *State v. McGlown*, 2013-Ohio-2762.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | Appellate Case No. 25434 |
| Plaintiff-Appellee | : | |
| | : | Trial Court Case No. 2012-CR-1852 |
| v. | : | |
| | : | |
| DOMINIQUE McGLOWN | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 28th day of June, 2013.

. . . . . . . . . .

MATHIAS H. HECK, JR., by APRIL F. CAMPBELL, Atty. Reg. #0089541, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, P.O. Box 972, 301 West Third Street, Dayton, Ohio 45422
      Attorney for Plaintiff-Appellee

ELIZABETH C. SCOTT, Atty. Reg. #0076045, 120 West Second Street, Suite 703, Dayton, Ohio 45402
      Attorney for Defendant-Appellant

. . . . . . . . . . . . .

FAIN, P.J.

{¶ 1} Defendant-appellant Dominique McGlown appeals from her conviction and

sentence for Aggravated Arson. McGlown contends that the trial court abused its discretion by sentencing her to a prison term instead of community control. McGlown further contends that her trial counsel provided ineffective assistance by permitting her to enter into a guilty plea, which waived her ability on appeal to contest the trial court's denial of her motion to suppress.

{¶ 2} We conclude that the trial court did not abuse its discretion by sentencing McGlown to a prison term within the applicable statutory range. We further conclude that McGlown has failed to demonstrate ineffective assistance of trial counsel. Accordingly, the judgment of the trial court is Affirmed.

### I. Course of the Proceedings

{¶ 3} McGlown was indicted on one count of Aggravated Arson, a felony of the first degree in violation of R.C. 2909.02(A)(1), and one count of Arson, a felony of the second degree in violation of R.C. 2909.02(A)(2). McGlown moved to suppress any incriminating statements she made to a detective who had interviewed her about the arson. Following a suppression hearing, the trial court overruled the motion.

{¶ 4} Pursuant to a plea bargain, McGlown pled guilty to Aggravated Arson. In exchange for the guilty plea, the State agreed to dismiss the Arson count and cap any prison term at four years. The trial court found McGlown guilty of Arson and sentenced her to three years in prison and five years of post-release control. The court also ordered McGlown to pay $1,000 in restitution.

{¶ 5} From the judgment, McGlown appeals.

**II. The Trial Court Did Not Abuse its Discretion by**

**Sentencing McGlown Within the Statutory Range**

{¶ 6}   McGlown's First Assignment of Error states:

THE TRIAL COURT ERRED BY SENTENCING MS. MCGLOWN TO

A SENTENCE GREATER THAN THE MINIMUM.

{¶ 7}   When reviewing a felony sentence, an appellate court must first determine whether the sentencing court complied with all applicable rules and statutes in imposing the sentence, including R.C. 2929.11 and 2929.12, in order to decide whether the sentence is contrary to law. *State v. Kalish,* 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, ¶ 4. If the sentence is not clearly and convincingly contrary to law, the trial court's decision in imposing the term of imprisonment must be reviewed under an abuse-of-discretion standard. *Id.* The term "abuse of discretion" has been defined as an attitude that is unreasonable, arbitrary or unconscionable. *Huffman v. Hair Surgeon, Inc.,* 19 Ohio St.3d 83, 87, 482 N.E.2d 1248, (1985).

{¶ 8}   McGlown contends that the trial court abused its discretion when it sentenced her to prison instead of placing her on community control sanctions, because McGlown was a "first time felony offender," and she had been assaulted by her boyfriend. Brief, p. 3. We do not agree.

{¶ 9}   McGlown pled guilty to Aggravated Arson, a felony of the first degree. At the plea hearing, the trial court explained to McGlown that she could be sentenced to a prison term of between three and eleven years or could instead be sentenced to community control sanctions for a period of up to five years. The trial court made it clear to McGlown that the only agreement in place regarding sentencing was that if she was sentenced to prison, it would be no longer than a

four-year prison sentence.   Tr. 40-41.

{¶ 10}  The trial court sentenced McGlown to three years in prison.  At the sentencing hearing, the trial court stated, in part:

> Ma'am, this is your first felony.  You have a few misdemeanors, a juvenile record.  You were not compliant with your EHDP.  This could have resulted in very serious – it could have resulted in loss of life.  And while I understand you and your boyfriend had a fight, you – I have to announce that you make some nonsensical arguments about, well maybe I should have just let him beat me up.

> Well, okay, I understand that.  However, you left and then went back and started fire to the place.  There were other people in that building.  You didn't appear to have any consideration for the – while you were mad, you didn't seem to think about what you could have done to harm other people.

> Ma'am, after considering the serious – or purposes and principles of sentencing, the seriousness and recidivism factors, I'm going to sentence you to three years at the Ohio Reformatory for Women.   Tr. 49.

{¶ 11}  The trial court considered the purposes and principles of sentencing and the seriousness and recidivism factors before sentencing McGlown to a prison sentence within the statutory range provided for a felony of the first degree.  Furthermore, the sentence was less than the cap to which McGlown and the State had agreed.  We conclude that the trial court did not abuse its discretion in sentencing McGlown to three years in prison.

{¶ 12}  McGlown's First Assignment of Error is overruled.

### III. McGlown Has Failed to Demonstrate Ineffective Assistance of Trial Counsel

{¶ 13}   McGlown's Second Assignment of Error states:

TRIAL COUNSEL WAS INEFFECTIVE BY PERMITTED [SIC] MS. MCGLOWN TO ENTER A GUILTY PLEA.

{¶ 14}   A claim of ineffective assistance of trial counsel requires both a showing that trial counsel's representation fell below an objective standard of reasonableness, and that the defendant was prejudiced as a result.  *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).   A reviewing court "must indulge in a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."  *Id.* at 689.   The prejudice prong requires a finding that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different, with a reasonable probability being "a probability sufficient to undermine confidence in the outcome."  *Id.* at 694. *See also State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989).

{¶ 15}   McGlown contends that her "trial counsel was ineffective by allowing his client to plead guilty, without any consideration, thus giving up Ms. McGlown's ability to appeal pre-trial rulings."   Brief, p. 4.   We do not agree.

{¶ 16}   To begin with, we do not understand McGlown's argument that she pled guilty without any consideration.   She pled guilty to Aggravated Arson, a felony of the first degree, with a maximum prison term of eleven years.   R.C. 2929.14(A)(1).   As a result of the plea agreement, her sentence was capped at four years.   That was substantial consideration for her plea.

{¶ 17} To establish on direct appeal McGlown's claim of ineffective assistance of trial counsel, the record would have to show that: (1) the State would have agreed to a no-contest plea on the same terms; (2) her counsel failed to advise her that a no-contest plea, in contradistinction to a guilty plea, would preserve the suppression issue for appeal; and (3) had McGlown been so advised, she would have rejected the plea offer. The record fails to establish any of these facts.

{¶ 18} McGlown's Second Assignment of Error is overruled.

## IV. Conclusion

{¶ 19} Both of McGlown's assignments of error having been overruled, the judgment of the trial court is Affirmed.

. . . . . . . . . . . . .

FROELICH and WELBAUM, JJ., concur.

Copies mailed to:

Mathias H. Heck
April F. Campbell
Elizabeth C. Scott
Hon. Mary K. Huffman