[Cite as *State v. Fine*, 2017-Ohio-7013.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

STATE OF OHIO

    Appellee

    v.

ALBERT C. FINE

    Appellant

C.A. No.    16CA010917

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
CASE No.    12CR086127

DECISION AND JOURNAL ENTRY

Dated: July 31, 2017

TEODOSIO, Judge.

{¶1} Appellant, Albert Fine, appeals from his convictions in the Lorain County Court of Common Pleas. We affirm.

I.

{¶2} According to his own lengthy confession to Lorain police officers, Mr. Fine viciously attacked, murdered, and dismembered his girlfriend, C.H., in June of 2012. He cut off one of her arms with a butcher knife and discarded it in a dumpster. He cut off her legs with a hand saw and stored her remains in a large, plastic tote. He moved the tote several times in their apartment and eventually glued it shut and left it in the apartment's storage unit. He posed as C.H. on Facebook and through her cell phone, used her ATM card, and later moved her car on two occasions to make it appear as though she "took off."

{¶3} C.H.'s family soon reported her missing. One day after speaking to FBI agents, Mr. Fine fled to Kentucky. C.H.'s remains were discovered and Mr. Fine was tracked down and

arrested the next day. Lorain police officers traveled to Kentucky and obtained a waiver of his rights and confession from Mr. Fine. He fought extradition, but was returned to Ohio by a Governor's warrant in October of 2012.

{¶4} Mr. Fine was indicted on two counts of aggravated murder, each with two death specifications, two counts of murder, three counts of kidnapping, aggravated robbery, felonious assault, two counts of tampering with evidence, three counts of theft, misuse of credit cards, and two counts of abuse of a corpse. On the day before trial, he pled guilty to an amended indictment and agreed to a sentence of life in prison without the possibility of parole in exchange for the State dismissing the death specifications. He waived all appellate review and collateral attacks on the convictions. The trial court accepted Mr. Fine's guilty pleas, found him guilty, and sentenced him to life in prison without the possibility of parole.

{¶5} The trial court appointed appellate counsel and Mr. Fine timely appealed.

II.

{¶6} Mr. Fine's appellate counsel filed a brief on behalf of Mr. Fine pursuant to *Anders v. California*, 386 U.S. 738 (1967). In *Anders*, the United States Supreme Court stated:

> [I]f counsel finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw. That request must, however, be accompanied by a brief referring to anything in the record that might arguably support the appeal. A copy of counsel's brief should be furnished the indigent and time allowed him to raise any points that he chooses; the court—not counsel—then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous. If it so finds it may grant counsel's request to withdraw and dismiss the appeal insofar as federal requirements are concerned, or proceed to a decision on the merits, if state law so requires. On the other hand, if it finds any of the legal points arguable on their merits (and therefore not frivolous) it must, prior to decision, afford the indigent the assistance of counsel to argue the appeal.

*Id.* at 744.

{¶7}    Mr. Fine's counsel asserts that there are no non-frivolous issues for appeal and asks to withdraw as counsel of record in this matter.  This Court issued a magistrate's order to be served upon Mr. Fine, affording him twenty days to file a response raising any points he felt were necessary.  Mr. Fine filed a letter pro se claiming ineffective assistance of appellate counsel and requesting new counsel to be appointed.

{¶8}    Mr. Fine's appellate counsel asserts that he made a conscientious examination of the entire case.  He has specifically identified several issues that he researched and reviewed, including: (1) the waiver of appellate rights; (2) the waiver of prosecutorial misconduct and ineffective assistance of counsel; (3) limitations on ineffective assistance appeals; (4) subject matter jurisdiction; (5) competency; (6) plea colloquy; (7) whether a life sentence was proper; (8) imposition of court costs; (9) prosecutorial misconduct; (10) the acceptance of a guilty plea by a single judge after the assignment of a three-judge panel; and (11) counsel's failure to file a motion to suppress based on a right to counsel under the Sixth Amendment.  Counsel's brief examines the relevant law regarding each issue and how it applies to Mr. Fine's case, and concludes that none of the issues present a basis for appellate review.

{¶9}    Counsel ultimately lists two potential assignments of error that Mr. Fine could possibly argue on appeal, but believes them to be wholly frivolous.  First, the death penalty in this case is an equal protection violation because it allows the State to arbitrarily decide on harsher penalties.  However, the Supreme Court of Ohio has previously addressed and rejected this argument.  *See, e.g., State v. Brown*, 38 Ohio St.3d 305, 320 (1988).  Second, due to the death of Justice Scalia, counsel suggests that Mr. Fine could possibly argue that the holding in *Jackson* should be reaffirmed by the United States Supreme Court.  *See Michigan v. Jackson*, 475 U.S. 625 (1986), *overruled Montejo v. Louisiana*, 556 U.S. 778 (2009).

{¶10} Mr. Fine filed a letter pro se claiming ineffective assistance of appellate counsel and requesting new counsel to be appointed. However, "claims relating to the ineffective assistance of appellate counsel cannot be made on direct appeal." *City of Akron v. Jones*, 9th Dist. Summit No. 19428, 2001 WL 22301, *2 (Jan. 10, 2001), citing App.R. 26(B).

{¶11} Based upon this Court's own full, independent examination of the record before us, we agree with appellate counsel and conclude that there are no appealable, non-frivolous issues in this case. *See State v. Randles*, 9th Dist. Summit No. 23857, 2008-Ohio-662, ¶ 6; *State v. Lowe*, 9th Dist. Lorain No. 97CA006758, 1998 WL 161274, *2 (Apr. 8, 1998). Accordingly, we grant appellate counsel's motion to withdraw as counsel of record and affirm the judgment of the Lorain County Court of Common Pleas.

III.

{¶12} Appellate counsel's motion to withdraw as counsel of record is granted. The judgment of the Lorain County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is

instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

THOMAS A. TEODOSIO
FOR THE COURT

HENSAL, P. J.
SCHAFER, J.
CONCUR.

APPEARANCES:

JOHN D. TOTH, Attorney at Law, for Appellant.

DENNIS P. WILL, Prosecuting Attorney, for Appellee.