[Cite as *State v. Barnes*, 2019-Ohio-296.]


**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 28068 |
| | : | |
| v. | : | Trial Court Case No. 2017-CR-3042 |
| | : | |
| ADRIAN BARNES | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . .

O P I N I O N

Rendered on the 1st day of February, 2019.

. . . . . . . . . .

MATHIAS H. HECK, JR., by ANDREW T. FRENCH, Atty. Reg. No. 0069384, Assistant
Prosecuting Attorney, Montgomery County Prosecutor's Office, Appellate Division,
Montgomery County Courts Building, 301 West Third Street, Dayton, Ohio 45422
        Attorney for Plaintiff-Appellee

TRAVIS KANE, Atty. Reg. No. 0088191, 130 West Second Street, Suite 460, Dayton,
Ohio 45402
        Attorney for Defendant-Appellant

. . . . . . . . . . . .

DONOVAN, J.

**{¶ 1}** This matter is before the Court on the July 20, 2018 Notice of Appeal of Adrian Barnes.   Barnes was convicted following a guilty plea to one count of aggravated robbery (deadly weapon), in violation of R.C. 2911.01(A)(1), a felony of the first degree.  The trial court sentenced Barnes to four years in prison and ordered him to make restitution to Levaughn Springer in the amount of $104.

**{¶ 2}** Barnes's counsel has filed a brief pursuant to *Anders v California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).   Counsel asserts that he "finds no issues of merit upon which to base this Appeal."   On October 23, 2018, this Court advised Barnes that counsel filed an *Anders* brief and invited him to file a pro se brief within 60 days, assigning any errors for review by this Court.   No pro se brief has been filed.   Having thoroughly reviewed the entire record, we conclude that Barnes's appeal lacks arguable merit.

**{¶ 3}** On September 28, 2017, Barnes was charged by way of complaint in Vandalia Municipal Court with two counts of aggravated burglary (physical harm and deadly weapon), in violation of R.C. 2911.11(A)(1) and (2), felonies of the first degree. He pled not guilty on September 29, 2017. On October 5, 2017, the municipal court issued an "Entry Finding Probable Cause and Ordering Defendant Held for Action of Grand Jury."

**{¶ 4}** Barnes was indicted on October 20, 2017, on one count of aggravated robbery, in violation of R.C. 2911.01(A)(1) (deadly weapon), a felony of the first degree, one count of robbery, in violation of R.C. 2911.02(A)(2) (physical harm), a felony of the second degree, and one count of burglary, in violation of R.C. 2911.12(A)(3), a felony of the third degree.   Barnes pled not guilty on October 24, 2017.   On November 29, 2017,

he filed a motion to suppress, which the court overruled after a hearing. On February 22, 2018, Barnes filed a "Motion for Competency Exam," and on March 1, 2018, he filed a plea of not guilty by reason of insanity and a "Motion for Sanity Exam." On the same day the court issued an "Entry Ordering Examination upon Plea of Not Guilty by Reason of Insanity." On April 27, 2018, the court issued an "Order for Second Opinion Examination for Competency and Sanity." On June 14, 2018, after a competency hearing, the court found Barnes competent to stand trial.

{¶ 5} Barnes entered his guilty plea on June 13, 2018, pursuant to a plea agreement. The following exchange occurred at the plea hearing:

[PROSECUTOR]: Your Honor, the offer from the State is for the Defendant to plead guilty to Count I, aggravated robbery, a felony of the first degree, and agree to a sentence of between three and five years of (sic) CRC, as well as restitution, in the amount of $1,500. The State will then nolle Count II, robbery, a felony of the second degree, and Count III, burglary, a felony of the third degree.

THE COURT: [Defense counsel], is that the plea agreement reached in this case?

[DEFENSE COUNSEL]: Yes Judge. As far as the years are concerned, and I just wanted to - - our agreement as to restitution would not eliminate the need for there to be proof of that amount presented, correct?

THE COURT: Well, that would be part of the presentence investigation. They would obtain proof from whoever the victim or victims were - -

[DEFENSE COUNSEL]:   Okay.

THE COURT: - - and provide that to the Court, and the Court would then - - will make a determination - -

* * *

THE COURT: - - on a restitution.

[DEFENSE COUNSEL]:   * * * And you're okay with that, right?

THE DEFENDANT:   Yeah.

[PROSECUTOR]:   And, Your Honor, due to a prior conviction of the Defendant, this will be mandatory time.

THE COURT: * * * And, Mr. Barnes, is that your understanding of the plea agreement?

THE DEFENDANT:   Yes, sir.

THE COURT:   Is this what you want to do?

THE DEFENDANT:   Yes.

THE COURT:   Knowing, sir, that I will be sending you to prison for a term somewhere between at least three years, up to five years, and that would be a mandatory sentence.   You understand that?

THE DEFENDANT:   Yes.

{¶ 6}  The court then ascertained that Barnes was 34 years old and a citizen of the United States, had obtained his GED, and was able to read, write, and understand the English language.   Barnes indicated to the court that he was then on parole.   The following exchange occurred:

THE COURT:   Mr. Barnes, you understand that the Court could

impose time on you for violations of post-release control, but I would tell you I would still honor the range of the sentence of three to five years in this case? Do you understand that?

THE DEFENDANT: Yes, sir.

* * *

THE COURT: * * * Now, sir, you're charged in this case with aggravated robbery, which is a felony in the first degree. Do you understand as a result of your plea, the Court could sentence you to financial sanctions, including a fine of up to $20,000? I could order court costs, restitution, if there is any, and other financial sanctions. Do you understand that?

THE DEFENDANT: Yes, sir.

THE COURT: Do you also understand, sir, the Court could send you to prison for a term of three, four, five, six, seven, eight, nine, ten, or eleven years as a potential sentence in this case. Do you understand that?

THE DEFENDANT: Yes.

THE COURT: And do you understand, sir, the sentence would be a mandatory sentence I would have to impose. You understand that?

THE DEFENDANT: Yes.

THE COURT: And you understand, sir, that with a mandatory sentence, it would not be reduced by earned credit, judicial release, or furlough? Do you understand that?

THE DEFENDANT: Yes.

THE COURT: And I will honor the agreement of the three to five years.

THE DEFENDANT: All right. Thank you.

{¶ 7} The court then advised Barnes regarding post-release control and that he was not eligible for community control sanctions, and Barnes indicated his understanding. Barnes indicated that he had not been promised anything beyond the plea agreement to induce his plea, and he acknowledged his understanding that a plea of guilty is a complete admission of guilt. Barnes indicated that he understood that a presentence investigation would be completed, and disposition would occur subsequent to the investigation. The court then advised Barnes of the constitutional rights he waived by pleading guilty, namely the right to a trial by jury; to have his guilt proven beyond a reasonable doubt to all members of the jury; to confront witnesses against him; to order witnesses to appear at trial; and that he could not be compelled to testify, and that his refusal to do so could not be held against him. Barnes indicated his understanding of his constitutional rights.

{¶ 8} After the prosecutor read a statement of the charge, Barnes indicated his understanding thereof and acknowledged that the facts stated were true. Barnes indicated that he discussed his case with his attorney, and that he was entering his plea voluntarily. Barnes signed the plea form, and he indicated to the court, "I understand everything, I believe." The court found that Barnes's plea was knowing, intelligent and voluntary.

{¶ 9} Barnes was sentenced on June 26, 2018. The court at that time indicated that it had reviewed the presentence investigation report, the parties' sentencing memoranda, and "the factual issues surrounding this case." Barnes indicated to the

court that he "tried to take the law into my own hands, and I do apologize for that." The court indicated in part as follows:

> THE COURT: Mr. Barnes, I do recognize that, and you made a mistake by doing that, and that would cause me or it does cause me not to go to the maximum of the five years, but I also have to consider your record involved in this case, and you do have a poor record, criminal record, and it doesn't seem like you were very successful when we gave you the opportunity before on probation.

The court then imposed a four year sentence and ordered restitution in the amount of $104.

{¶ 10} Barnes's counsel asserts three potential assignments of error. The State filed a response noting that there are no arguments to which it can respond. Counsel's first potential assignment of error is as follows:

> WHETHER THE TRIAL COURT COMPLIED WITH ALL REQUIRED ELEMENTS OF OHIO RULES OF CRIMINAL PROCEDURE RULE 11.

{¶ 11} Counsel for Barnes acknowledges that, at the plea hearing, the State explained the plea agreement (that the State and the Defendant agreed to a sentencing range of 3 to 5 years and restitution), read the facts of the case, and agreed to a presentence investigation. The trial court then addressed Barnes, and Barnes stated that he understood all the terms of the plea agreement, his rights, the potential maximum sentence, additional consequences such as post-release control, and the fact that the sentence would include mandatory prison time.

{¶ 12} As this Court recently noted:

Crim.R. 11(C)(2) requires the court to address the defendant personally and (a) determine that the defendant is making the plea voluntarily, with an understanding of the nature of the charges and the maximum penalty, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions; (b) inform the defendant of and determine that the defendant understands the effect of the plea and that the court, upon acceptance of the plea, may proceed with judgment and sentencing; and (c) inform the defendant and determine that he or she understands that, by entering the plea, the defendant is waiving the rights to a jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses, and to require the State to prove guilt beyond a reasonable doubt at a trial at which he or she cannot be compelled to testify against himself or herself. *State v. Brown,* 2d Dist. Montgomery No. 21896, 2007-Ohio-6675, ¶ 3.

The Supreme Court of Ohio has urged trial courts to literally comply with Crim.R. 11. *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, ¶ 29. However, because Crim.R. 11(C)(2)(a) and (b) involve non-constitutional rights, the trial court need only substantially comply with those requirements. *E.g., State v. Nero*, 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990). "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." *Id.* In contrast, the trial court must strictly comply with Crim.R. 11(C)(2)(c), as it pertains to the waiver of federal

constitutional rights.   *Clark* at ¶ 31.

Furthermore, when non-constitutional rights are at issue, a defendant who challenges his plea on the basis that it was not knowingly, intelligently, and voluntarily made generally must show a prejudicial effect. *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, ¶ 17.   Prejudice in this context means that the plea would otherwise not have been entered.   *Id.* at ¶ 15.

*State v. Mayberry*, 2d Dist. Montgomery No. 27530, 2018-Ohio-2220, ¶ 29-31.

**{¶ 13}**  Given the thorough and complete Crim.R. 11 colloquy set forth above, we agree with counsel for Barnes that this potential assignment of error lacks arguable merit.

**{¶ 14}** Barnes's counsel's second potential assignment of error is as follows:

WHETHER THE TRIAL COURT ERRED IN NOT CONSIDERING R.C. 2929.11 AND R.C. 2929.12 ON THE RECORD AT APPELLANT'S SENTENCING HEARING.

**{¶ 15}**  Counsel for Barnes notes that this "Court has addressed this issue before and held that failure to mention the specific statutes at sentencing does not invalidate the sentence."   Counsel notes that the "sentence in this case was in the range of the agreed-upon sentence.   Therefore, it appears the trial court did not err with regards to its considerations of sentencing."

**{¶ 16}**  The record reflects that the trial court failed to mention R.C. 2929.11 and R.C. 2929.12 at the sentencing hearing and in the judgment entry of conviction.

**{¶ 17}** We initially note that appellate courts are required to review felony sentences under the standard or review set forth in R.C. 2953.08(G)(2).   *State v.*

*Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 1. R.C. 2953.08(G)(2) provides:

> The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:
>
> (a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any is relevant;
>
> (b) That the sentence is contrary to law.

**{¶ 18}** The court was not required to make findings pursuant to R.C. 2929.11 and R.C. 2929.12. "Even if there is no specific mention of R.C. 2929.11 or R.C. 2929.12 in the record, it is presumed that the trial court gave proper consideration to those statutes. *State v. English*, 2d Dist. Montgomery No. 26337, 2015-Ohio-1665, ¶ 22." *State v. Pack*, 2d Dist. Clark No. 2018-CA-52, 2018-Ohio-4632, ¶ 10. The trial court imposed an agreed-upon sentence within the statutory range, and we presume that the court considered the overriding purposes of felony sentencing in R.C. 2929.11 and the seriousness and recidivism factors in R.C. 2929.12. Accordingly, we conclude that appellate counsel's second potential assignment of error lacks arguable merit.

**{¶ 19}** Barnes's final potential assignment of error is as follows:

WHETHER APPELLANT RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL BY PLEADING GUILTY AND NOT PLEADING NO CONTEST.

**{¶ 20}** It is well-settled that, unlike "a plea of no contest, a plea of guilty waives any error on the part of the trial court in failing to suppress evidence. * * *." *State v. Carson*, 2d Dist. Montgomery No. 20285, 2004-Ohio-5809, ¶ 8. Counsel for Barnes suggests that trial counsel may have been ineffective in that, by pleading guilty, Barnes lost the ability to appeal the trial court's denial of his motion to suppress. As this Court has previously noted:

A claim of ineffective assistance of trial counsel requires both a showing that trial counsel's representation fell below an objective standard of reasonableness, and that the defendant was prejudiced as a result. *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). A reviewing court "must indulge in a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.*at 689. The prejudice prong requires a finding that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different, with a reasonable probability being "a probability sufficient to undermine confidence in the outcome." *Id.* at 694. *See also State v. Bradley,* 42 Ohio St.3d 136, 538 N.E.2d 373 (1989).

*State v. McGlown*, 2d Dist. Montgomery No. 25434, 2013-Ohio-2762, ¶ 14.

**{¶ 21}** Counsel for Barnes notes that this Court has previously addressed this

issue and directs our attention to *State v. Barron*, 2d Dist. Greene No. 2017-CA-46, 2018-Ohio-1221. Therein, this Court noted as follows:

> * * * [A]lthough Barron has not raised the issue, we cannot say that allowing him to plead guilty rather than no-contest constituted ineffective assistance of counsel where the plea was a negotiated one. In exchange for a guilty plea, the State agreed to sentencing-related concessions. Nothing in the record indicates that the State would have made the same concessions in exchange for a no-contest plea.

*Barron* at ¶ 5, citing *McGlown* at ¶ 17.

**{¶ 22}** Barnes pled guilty to aggravated robbery, which carries a maximum prison term of eleven years. R.C. 2929.14(A)(1). Barnes's presentence investigation report reveals that he had an extensive misdemeanor and felony criminal record as an adult. As a result of his negotiated plea, his sentence was capped at five years, and two other felony charges against him were dismissed. Barnes was sentenced to four years, less than the maximum possible under the parties' agreement. As noted in *Barron,* "[n]othing in the record indicates that the State would have made the same concessions in exchange for a no-contest plea." In other words, prejudice is not demonstrated. We accordingly conclude that counsel's third potential assignment of error lacks arguable merit.

**{¶ 23}** We have also conducted our independent review of the record, and we agree with appellate counsel that there are no non-frivolous issues for review.

**{¶ 24}** Having found no arguable merit to Barnes's *Anders* appeal, the judgment of the trial court is affirmed.

. . . . . . . . . . . . .

HALL, J. and TUCKER, J., concur.


Copies sent to:

Mathias H. Heck, Jr.
Andrew T. French
Travis Kane
Adrian Barnes
Hon. Dennis J. Adkins