**[Cite as *State v. Frost*, 2022-Ohio-491.]**

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**CLARK COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 2021-CA-41 |
| | : | |
| v. | : | Trial Court Case Nos. 2021-CR-33 |
| | : | and 2021-CR-62 |
| GARY FROST | : | |
| | : | (Criminal Appeal from |
| Defendant-Appellant | : | Common Pleas Court) |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 18th day of February, 2022.

. . . . . . . . . . .

IAN A. RICHARDSON, Atty. Reg. No. 0100124, Assistant Prosecuting Attorney, Clark County Prosecutor's Office, 50 East Columbia Street, Suite 449, Springfield, Ohio 45502
      Attorney for Plaintiff-Appellee

JOE CLOUD, Atty. Reg. No. 0040301, 3973 Dayton-Xenia Road, Beavercreek, Ohio 45432
      Attorney for Defendant-Appellant

. . . . . . . . . . . .

TUCKER, P.J.

**{¶ 1}** Gary Frost appeals from his convictions in the Clark County Court of Common Pleas for carrying a concealed weapon and attempted abduction. Frost's appellate counsel filed a brief under the authority of *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), asserting the absence of any non-frivolous issues for appeal. "*Anders* 'permit[s] an attorney who, after conscientious examination of the record, concludes that a criminal appeal is wholly frivolous to so advise the court and request permission to withdraw, provided that his request is accompanied with a brief identifying anything in the record that could arguably support the client's appeal.' " *State v. Moore*, 149 Ohio St.3d 557, 2016-Ohio-8288, 76 N.E.3d 1127, ¶ 18, quoting *Disciplinary Counsel v. Milhoan,* 142 Ohio St.3d 230, 2014-Ohio-5459, 29 N.E.3d 898, ¶ 8.

**{¶ 2}** On October 14, 2021, this Court notified Frost that his counsel found no meritorious claims to present on appeal and gave him 60 days to file a pro se brief assigning any errors for review. Frost did not file a pro se brief. We conducted an independent review of the record, as required by *Anders*, and have found no issues with arguable merit for appeal. Thus, we affirm the trial court's judgments.

## I. Factual and Procedural Background

**{¶ 3}** In December 2020, during a traffic stop, Frost was found with a loaded handgun under the driver's seat, along with nine rounds of ammunition. He was charged in Clark C.P. No. 2021-CR-33 with carrying a concealed weapon and improper handling of a firearm in a motor vehicle. Each charge carried a forfeiture specification.

**{¶ 4}** The next month, January 2021, Frost went to the home of his wife, Keisha

Bennett. During the visit, Frost became angry when Bennett received a phone call while she was in the bathroom. He went into the bathroom and started grabbing Bennett and pushing her around. Bennett tried to escape, but Frost grabbed her, choked her, and prevented her from leaving. He also threatened to kill her with a razor blade. Frost held Bennett against her will for hours. Bennett was finally able to escape when he fell asleep. In that case, Clark C.P. No. 2021-CR-62, Frost was charged with abduction and domestic violence.

{¶ 5} At a plea hearing for both cases in June 2021, Frost pleaded guilty under a plea agreement to carrying a concealed weapon, in violation of R.C. 2923.12(A), a fourth-degree felony, and an amended charge of attempted abduction, in violation of R.C. 2905.02(A)(2), a fourth-degree felony. All other charges in both cases were dismissed. The trial court sentenced Frost to 15 months in prison for the weapon charge, and ordered the forfeiture of the handgun, and sentenced him to 17 months in prison for the attempted-abduction charge. The court ordered him to serve the two sentences concurrently.

{¶ 6} Frost appealed.

## II. Analysis

{¶ 7} As we noted, Frost's appellate counsel filed an *Anders* brief asserting the absence of any non-frivolous issues for appeal. Under *Anders*, we must conduct an independent review of the record to determine if this appeal is wholly frivolous. *Anders*, 386 U.S. 738, 744, 87 S.Ct. 1396, 18 L.Ed.2d 493. "*Anders* equates a frivolous appeal with one that presents issues lacking in arguable merit. An issue does not lack arguable merit merely because the prosecution can be expected to present a strong argument in reply, or because it is uncertain whether a defendant will ultimately prevail on that issue

on appeal." *State v. Marbury*, 2d Dist. Montgomery No. 19226, 2003-Ohio-3242, ¶ 8. Rather, "[a]n issue lacks arguable merit if, on the facts and law involved, no responsible contention can be made that it offers a basis for reversal." *Id.*, citing *State v. Pullen*, 2d Dist. Montgomery No. 19232, 2002-Ohio-6788, ¶ 4. "If we determine the appeal is frivolous, we may grant counsel's request to withdraw and then dismiss the appeal without violating any constitutional requirements, or we can proceed to a decision on the merits if state law requires it." *State v. Dorsey*, 2d Dist. Montgomery No. 28747, 2021-Ohio-76, ¶ 8, citing *State v. McDaniel*, 2d Dist. Champaign No. 2010-CA-13, 2011-Ohio-2186, ¶ 5, citing *Anders* at 744.

{¶ 8} Appellate counsel does not raise any potential assignments of error for review but simply states briefly why the pre-plea proceedings, Frost's guilty plea, and his sentence are valid.

*Pre-plea proceedings*

{¶ 9} Beginning with the pre-plea proceedings, appellate counsel states that the record does not reveal any issue with arguable appellate merit concerning the indictment, the discovery process, or suppression of evidence issues. Further, counsel states the pre-plea proceedings do not raise a potentially meritorious appellate issue regarding the effective assistance of trial counsel.

{¶ 10} "A guilty plea is a complete admission of guilt under Crim.R. 11(B)(1), and a 'defendant who * * * voluntarily, knowingly, and intelligently enters a plea of guilty with the assistance of counsel "may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." ' " *State v. Obermiller*, 147 Ohio St.3d 175, 2016-Ohio-1594, 63 N.E.3d 93, ¶ 55,

quoting *State v. Fitzpatrick,* 102 Ohio St.3d 321, 2004-Ohio-3167, 810 N.E.2d 927, ¶ 78, quoting *Tollett v. Henderson,* 411 U.S. 258, 267, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973). Because Frost pleaded guilty, he may not raise most pre-trial errors in any event.

{¶ 11} We cannot say that trial counsel was ineffective by allowing Frost to plead guilty. "A claim of ineffective assistance of trial counsel requires both a showing that trial counsel's representation fell below an objective standard of reasonableness, and that the defendant was prejudiced as a result. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). A reviewing court 'must indulge in a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.' *Id.* at 689." *State v. McGlown*, 2d Dist. Montgomery No. 25434, 2013-Ohio-2762, ¶ 14. Frost's guilty plea here was negotiated. *See State v. Barnes*, 2d Dist. Montgomery No. 28068, 2019-Ohio-296, ¶ 21-22 (finding no ineffective assistance where defendant pleaded guilty rather than no contest). And we see no other conduct of trial counsel that could be the basis for an ineffectiveness claim.

*Frost's guilty plea*

{¶ 12} Turning to Frost's guilty plea, appellate counsel reviewed the transcript of the plea proceedings and Frost's signed guilty plea and found no issue with arguable merit for appeal. Counsel determined that the trial court complied with the requirements for accepting a guilty plea in Crim.R. 11(C)(2) and that Frost entered his guilty pleas knowingly, intelligently, and voluntarily.

{¶ 13} "In order for a plea to be given knowingly and voluntarily, the trial court must follow the mandates of Crim.R. 11(C)." *State v. Brown*, 2d Dist. Montgomery Nos. 24520, 24705, 2012-Ohio-199, ¶ 13. The record here establishes that the trial court complied

with all the requirements under Crim.R. 11(C)(2) and that Frost understood all the trial court's advisements at the plea hearing. We do not see any non-frivolous issue for appeal concerning Frost's guilty plea.

*Sentencing*

**{¶ 14}** Finally, appellate counsel concluded there were no sentencing issues with arguable merit. R.C. 2953.08(G)(2) states the standard that we apply when reviewing a felony sentence. In sum, "an appellate court may vacate or modify a felony sentence on appeal only if it determines by clear and convincing evidence that the record does not support the trial court's findings under certain enumerated statutes or that the sentence is otherwise contrary to law." *Dorsey*, 2d Dist. Montgomery No. 28747, 2021-Ohio-76, at ¶ 14. In this case none of the enumerated statutes is relevant, and counsel determined that Frost's sentence was not contrary to law.

**{¶ 15}** "A sentence is contrary to law when it does not fall within the statutory range for the offense or if the trial court fails to consider the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the sentencing factors set forth in R.C. 2929.12." (Citation omitted.) *State v. Brown*, 2017-Ohio-8416, 99 N.E.3d 1135, ¶ 74 (2d Dist.). When reviewing felony sentences that are imposed solely after considering the factors in R.C. 2929.11 and R.C. 2929.12, we no longer analyze whether those sentences are unsupported by the record. *See State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d. 649. "We simply must determine whether those sentences are contrary to law." *Dorsey* at ¶ 18. Frost's 15- and 17-month sentences are within the statutory range for a fourth-degree felony. *See* R.C. 2929.14(A)(4). And the record shows that the trial court considered the purposes of sentencing in R.C. 2929.11 and the factors relating to

the seriousness of the offense and recidivism of the offender in R.C. 2929.12. We agree with counsel's determination that Frost's sentence was not contrary to law and with counsel's conclusion that there is no sentencing issue with arguable appellate merit.

### III. Conclusion

{¶ 16} We have conducted an independent review of the record, as required by *Anders*, and we conclude that there is no issue with arguable merit to present on appeal. The trial court's judgments are affirmed.

. . . . . . . . . . . . .

WELBAUM, J. and EPLEY, J., concur.

Copies sent to:

Ian A. Richardson
Joe Cloud
Gary Frost
Hon. Richard J. O'Neill