[Cite as *State v. Roberts*, 2022-Ohio-3717.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| STATE OF OHIO | C.A. No. 30201 |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| DARRELL ROBERTS | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No. CR-2019-11-4128 |

DECISION AND JOURNAL ENTRY

Dated: October 19, 2022

TEODOSIO, Presiding Judge.

{¶1} Appellant, Darrell Roberts, appeals from the judgment of the Summit County Court of Common Pleas that convicted and sentenced him for felonious assault. For the following reasons, this Court affirms.

I.

{¶2} Mr. Roberts was indicted on one count of felonious assault after allegedly cutting a McDonald's employee with a knife during a dispute over his food order. The trial court ordered a competency evaluation, and Mr. Roberts was subsequently found competent to stand trial. His attorney was permitted to withdraw as counsel and Mr. Roberts chose to represent himself. The trial court appointed stand-by counsel and the matter proceeded to trial. Following a jury trial, Mr. Roberts was found guilty of felonious assault and was sentenced to 3 to 4½ years in prison. The court appointed appellate counsel, and counsel filed this appeal.

II.

**{¶3}** Appellate counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), which was accompanied by a motion to withdraw as counsel of record in this matter. "An *Anders* brief 'permit[s] an attorney who, after conscientious examination of the record, concludes that a criminal appeal is wholly frivolous to so advise the court and request permission to withdraw, provided that his request is accompanied with a brief identifying anything in the record that could arguably support the client's appeal.'" *State v. Sergent*, 148 Ohio St.3d 94, 2016-Ohio-2696, ¶ 8, fn. 1, quoting *Disciplinary Counsel v. Milhoan*, 142 Ohio St.3d 230, 2014-Ohio-5459, ¶ 8.

**{¶4}** In his *Anders* brief, Mr. Roberts' appellate counsel states that he fully reviewed the record and trial transcripts in this matter, but he cannot find a meritorious claim to raise on appeal. Counsel then certified that a copy of both the *Anders* brief and the motion to withdraw were served on Mr. Roberts. This Court then issued a magistrate's order affording Mr. Roberts an opportunity to file a response and raise any arguments he felt were necessary. Mr. Roberts has not responded.

**{¶5}** In the *Anders* brief, appellate counsel analyzes potential arguments on appeal regarding the sufficiency of the evidence and the manifest weight of the evidence. The evidence presented at trial included testimony from multiple witnesses (including the victim), as well as surveillance footage of the incident, body cam footage, and photographs of the injuries sustained. Mr. Roberts did not offer any evidence at trial to support his claim that he was threatened by an employee and acted in self-defense. While cross-examining both McDonald's employees, Mr. Roberts only asked one question regarding who threatened him prior to the attack, but both witnesses testified that no one threatened Mr. Roberts. Upon review of the record, appellate counsel decided that sufficient evidence was presented to support Mr. Roberts' conviction and that his conviction was not against the manifest weight of the evidence.

{¶6} Appellate counsel also identified ineffective assistance of counsel as a potential argument on appeal because "Mr. Roberts almost certainly suffered from his decision to represent himself," but counsel nonetheless recognized that one may not choose self-representation and then assert a claim of ineffective assistance of counsel on appeal. *See, e.g., State v. Gales*, 9th Dist. Summit No. 29316, 2022-Ohio-776, ¶ 17, quoting *State v. Taylor*, 98 Ohio St.3d 27, 2002-Ohio-7017, ¶ 82 ("The general rule is that '[t]he law pertaining to effective assistance of counsel does not apply when the defendant exercises his right to self-representation.'").

{¶7} Based upon this Court's own full, independent examination of the record before us, we agree with appellate counsel and conclude that there are no appealable, non-frivolous issues in Mr. Roberts' case. *See State v. Fine*, 9th Dist. Lorain No. 16CA010917, 2017-Ohio-7013, ¶ 11. Accordingly, we grant appellate counsel's motion to withdraw as counsel of record and affirm the judgment of the Summit County Court of Common Pleas.

III.

{¶8} Upon a full review of the record, we conclude that Mr. Roberts' appeal is meritless and wholly frivolous pursuant to *Anders*. Appellate counsel's motion to withdraw as counsel of record is granted. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

4

_____

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

 

THOMAS A. TEODOSIO
FOR THE COURT

HENSAL, J.
SUTTON, J.
CONCUR.

APPEARANCES:

JOHN CHAPMAN, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and HEAVEN R. DIMARTINO, Assistant Prosecuting Attorney, for Appellee.