DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ l} Defendant-appellant Dean L. Randles has appealed from his convictions and sentence out of the Summit County Court of Common Pleas. This Court affirms.
 I. {¶ 2} On March 17, 2005, Randles was indicted on one count of rape in *Page 2 
violation of R.C. 2907.02(A)(2), a felony of the first degree; one count of kidnapping in violation of R.C. 2905.01(A)(4), a felony of the first degree; and one count of assault in violation of R.C. 2903.13(A), a misdemeanor of the first degree.[1] The matter proceeded to trial beginning on December 11, 2006. At the conclusion of trial, the jury was unable to reach a verdict. The trial court released the jurors and declared a hung jury. The trial court scheduled a new trial on the three charges to begin on March 12, 2007.
 {¶ 3} At the conclusion of the second trial, the jury found Randles guilty of one count each of rape, kidnapping and assault. The trial court adjudicated Randles a sexual predator and sentenced him to a mandatory term of ten years on the count of rape, to ten years on the count of kidnapping, and to six months on the count of assault, with all sentences to run concurrently. *Page 3 
 {¶ 4} The trial court appointed appellate counsel and on May 17, 2007, Randles filed a notice of appeal.[2] On December 10, 2007, appellate counsel filed an Anders[3] brief in this Court and requested permission to withdraw as Randles' counsel. Randles was served with a copy of his counsel's brief, and this Court afforded Randles the opportunity to raise arguments after review of the Anders brief. Randles has not responded to his counsel's Anders brief.
 II. ASSIGNMENT OF ERROR I "THE RECORD DEMONSTRATES THAT THE[RE] WAS SUFFICIENT EVIDENCE TO SUPPORT APPELLANT'S CONVICTION[S]."
 ASSIGNMENT OF ERROR II "THE RECORD DEMONSTRATES THAT APPELLANT'S CONVICTION WAS NOT CONTRARY TO THE MANIFEST WEIGHT OF THE EVIDENCE."
 {¶ 5} In accordance with Anders, supra, appellate counsel has asserted that he is unable to find any issue upon which to argue error below. This Court agrees.
 {¶ 6} Upon this Court's own full, independent examination of the record before us, we find that there are not appealable, non-frivolous issues in this case. *Page 4 
See State v. Lowe (Apr. 8, 1998), 9th Dist. No. 97CA006758.
 III. {¶ 7} The judgment of the Summit County Court of Common Pleas is affirmed. Appellate counsel's motion to withdraw as counsel is hereby granted.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
 Costs taxed to appellant. *Page 5 
Slaby, J. Whitmore, J., concur.
[1] There is also a supplemental indictment in the file, in which Randles was purportedly charged with one count of felonious assault in violation of R.C. 2903.11(A)(1), a felony of the second degree. The clerk's transcript of docket and journal entries identifies the supplemental indictment as document number 47 and enters that it was filed on February 2, 2006; however, the supplemental indictment bears no time-stamp. In addition, while the supplemental indictment was signed by an assistant prosecuting attorney both on his or her own behalf as well as on behalf of the Summit County Prosecutor, no grand jury foreperson signed the indictment. At the conclusion of Randles' first trial in this case, the jury found him not guilty of the supplemental charge of felonious assault. At the second trial on the three original charges, after an initial hung jury, the jury did not reconsider the supplemental felonious assault charge. Accordingly, even if Randles was not properly indicted on the felonious assault charge, he was not convicted of that offense and was not ordered to serve any time in regard to that offense.
[2] On July 16, 2007, appellate counsel filed a motion for issuance of a final order with the trial court, requesting the issuance of an order in compliance with this Court's holding in State v. Miller, 9th Dist. No. 06CA0046-M, 2007-Ohio-1353. The trial court issued such an order on July 23, 2007.
[3] Anders v. California (1967), 386 U.S. 738. *Page 1