[Cite as *State v. Isaiah*, 2015-Ohio-4166.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| --- | --- | --- |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| STATE OF OHIO | C.A. No. 27644 |
| --- | --- |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| SHARRIEFF A. ISAIAH | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No. CR 2014-03-0828 |

DECISION AND JOURNAL ENTRY

Dated: October 7, 2015

HENSAL, Presiding Judge.

{¶1} Sharrieff Isaiah appeals a judgment of the Summit County Court of Common Pleas convicting and sentencing him for two counts of aggravated robbery, two counts of having weapons under disability, and two firearm specifications. For the following reasons, this Court affirms.

I.

{¶2} On February 26, 2014, Mr. Isaiah entered a Church's Chicken restaurant intending to rob it. He pointed a gun at the cashier and demanded money, but the employees had trouble opening the register, so he left. After the first robbery failed, he used a gun to rob a Family Dollar store that was down the street.

{¶3} The Grand Jury indicted Mr. Isaiah for two counts of aggravated robbery and two counts of having weapons while under disability. It also included firearm specifications for both of the aggravated robbery counts. Mr. Isaiah eventually pleaded guilty to the offenses. The trial

court determined that none of the offenses were allied. It sentenced him to ten years on both of the aggravated robbery counts, which it ordered to run concurrently. It also sentenced him to one year for both of the having weapons offenses, which it ran concurrently to the other offenses. It sentenced him to three years on both of the firearm specifications, which it ordered him to serve consecutively to the other offenses and to each other for a total sentence of 16 years. The court appointed appellate counsel, who filed a timely appeal.

II.

**{¶4}** Mr. Isaiah's appellate counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that she had reviewed the record and concluded that there are no viable issues to be pursued on appeal. Mr. Isaiah's counsel has also moved to withdraw as counsel of record in this matter. The record indicates that Mr. Isaiah was served with a copy of his counsel's brief, and this Court issued a magistrate's order affording Mr. Isaiah an opportunity to raise arguments after review of the *Anders* brief. Mr. Isaiah has not responded.

**{¶5}** In her *Anders* brief, Mr. Isaiah's counsel identified three possible issues for appeal, but concluded that they were not viable. Counsel first noted that, at the sentencing hearing, Mr. Isaiah's trial counsel argued that Mr. Isaiah could only be sentenced on one of the firearm specifications. Appellate counsel concedes, however, that the trial court correctly determined that, under Revised Code 2929.14(B)(1)(g), it was required to sentence Mr. Isaiah for both specifications. *State v. Clayton*, 9th Dist. Summit No. 26910, 2014-Ohio-2165, ¶ 40. Second, counsel questioned whether the trial court adequately warned Mr. Isaiah that the specifications would not merge before accepting his guilty plea. Upon review of the plea hearing transcript, however, she concluded that the trial court adequately explained to Mr. Isaiah the fact that he would face mandatory sentences for both specifications. Finally, counsel raised the

possibility that Mr. Isaiah's trial counsel was ineffective for not understanding that Mr. Isaiah faced two mandatory, consecutive three-year sentences for pleading guilty to the firearm specifications. She explains, however, that there is nothing in the record that suggests that there is a reasonable probability that Mr. Isaiah would not have pleaded guilty but for his counsel's misunderstanding.

{¶6} Upon this Court's own full, independent examination of the record, we agree that there are no appealable, non-frivolous issues in this case. *See State v. Randles*, 9th Dist. Summit No. 23857, 2008-Ohio-662, ¶ 6; *State v. Lowe*, 9th Dist. Lorain No. 97CA006758, 1998 WL 161274 (Apr. 8, 1998). We, therefore, grant appellate counsel's motion to withdraw.

III.

{¶7} Having reviewed the entire record and having found that no appealable issues exist, this Court concludes that Mr. Isaiah's appeal is meritless and wholly frivolous under *Anders*. The motion to withdraw filed by Mr. Isaiah's counsel is granted. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the

period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
JENNIFER HENSAL
FOR THE COURT

CARR, J.
MOORE, J.
CONCUR.

APPEARANCES:

LEE A. SCHAFFER, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and HEAVEN DIMARTINO, Assistant Prosecuting Attorney, for Appellee.