[Cite as *State v. Norwood*, 2016-Ohio-3437.]

STATE OF OHIO      )            IN THE COURT OF APPEALS
                       )ss:        NINTH JUDICIAL DISTRICT
COUNTY OF SUMMIT    )

STATE OF OHIO                    C.A. No.     27378

      Appellee

      v.                         APPEAL FROM JUDGMENT
                               ENTERED IN THE
DARELLE S. NORWOOD          COURT OF COMMON PLEAS
                               COUNTY OF SUMMIT, OHIO
      Appellant              CASE No.    CR 2013 12 3329 (A)

DECISION AND JOURNAL ENTRY

Dated: June 15, 2016

---

WHITMORE, Judge.

{¶1} Defendant, Darelle S. Norwood, appeals his sentence from the Summit County Court of Common Pleas. We affirm.

I

{¶2} Norwood and an accomplice entered a residence in Akron, Ohio, threatened the residents, and left with a bag of marijuana, electronics, and $10.00. Norwood's accomplice had a gun. Officers arrested Mr. Norwood a short time later at a nearby apartment complex after observing him dispose of a firearm.

{¶3} After a trial, a jury convicted Norwood of: (1) aggravated burglary, a felony, with a firearm specification (count 1); (2) two counts of aggravated robbery, felonies, each with a firearm specification (counts 2 and 3); (3) carrying concealed weapons, a felony; (4) trafficking in marijuana, a felony; (5) obstructing official business, a misdemeanor; and (6) resisting arrest, a misdemeanor.

{¶4} The trial court conducted a sentencing hearing. The court imposed a fourteen-year sentence. The court found that counts 1 and 3, consisting of charges for aggravated burglary and aggravated robbery respectively, were subject to merger pursuant to *State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314. The court sentenced Norwood to eight years of imprisonment on the merged charges to run concurrently with sentences of equal or lesser length imposed on each of the other charges. The court also merged the firearm specifications associated with counts 1 and 3. The court then sentenced Norwood to three years imprisonment each for the nonmerged firearm specification (count 2) and the merged firearm specifications (counts 1 and 3). Thus, Norwood received six years total for the firearm specifications. The court found that the sentences for the firearm specifications had to "be served CONSECUTIVELY to each other and CONSECUTIVELY to the sentence imposed" for the underlying offenses "for a total term of [f]ourteen (14) years."

{¶5} Norwood filed a timely notice of appeal. After several months and various extensions, Norwood's appointed appellate counsel failed to file a merit brief and the appeal was dismissed.

{¶6} This Court reinstated Norwood's appeal. We appointed new appellate counsel, who filed a brief stating that there are no viable issues to be pursued on appeal.

II

{¶7} Norwood's new appellate counsel has filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), stating that counsel has reviewed the record and concluded that there are no viable issues to pursue on appeal. Counsel also has moved to withdraw as counsel of record in this matter. The record reflects that Norwood was served with a copy of counsel's

*Anders* brief. This Court issued a magistrate's order affording Norwood an opportunity to raise arguments after review of the *Anders* brief. Norwood has not responded.

{¶8} In the *Anders* brief, Norwood's appellate counsel raised one possible issue for appeal regarding Norwood's sentence, but concluded that it was not viable. Counsel questioned "whether the trial court erred by not merging [the] two firearms specifications" associated with counts 2 and 3. However, counsel concluded that, under R.C. 2929.14(C)(1)(a), merger was not available for the separate firearm specifications. R.C. 2929.14(C)(1)(a) states in pertinent part:

> * * * if a mandatory prison term is imposed upon an offender pursuant to division (B)(1)(a) of this section for having a firearm on or about the offender's person or under the offender's control while committing a felony, if a mandatory prison term is imposed upon an offender pursuant to division (B)(1)(c) of this section for committing a felony specified in that division by discharging a firearm from a motor vehicle, or if both types of mandatory prison terms are imposed, the offender shall serve any mandatory prison term imposed under either division consecutively to any other mandatory prison term imposed under either division or under division (B)(1)(d) of this section, consecutively to and prior to any prison term imposed for the underlying felony pursuant to division (A), (B)(2), or (B)(3) of this section or any other section of the Revised Code, and consecutively to any other prison term or mandatory prison term previously or subsequently imposed upon the offender.

{¶9} We agree that, in this matter, merger is not available for the separate firearm specifications pursuant to R.C. 2929.14(C)(1)(a), and that sentences for those specifications must run consecutively to one another and to Norwood's sentence for the underlying charges. *See State v. Webb*, 9th Dist. Summit No. 27424, 2015-Ohio-2380, ¶ 35. Moreover, upon this Court's own full, independent examination of the record, we agree that there are no appealable, non-frivolous issues in this case. *See State v. Randles*, 9th Dist. Summit No. 23857, 2008-Ohio-662, ¶ 6. Accordingly, we grant counsel's motion to withdraw.

III

{¶10} Having reviewed the entire record and having found that no appealable issues exist, this Court concludes that Norwood's appeal is meritless and wholly frivolous under *Anders*. *See Anders*, 386 U.S. 738. On this basis, appellate counsel's motion to withdraw is granted. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

BETH WHITMORE
FOR THE COURT

CARR, P. J.
HENSAL, J.
CONCUR.

APPEARANCES:

MICHAEL B. WASHINGTON, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and HEAVEN DIMARTINO, Assistant Prosecuting Attorney, for Appellee.