[Cite as *State v. Baldwin*, 2019-Ohio-2542.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| | |
|---|---|
| STATE OF OHIO | C.A. No. 29176 |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| MALIK S. BALDWIN | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No. CR-2017-11-3938 |

DECISION AND JOURNAL ENTRY

Dated: June 26, 2019

CALLAHAN, Judge.

{¶1} Appellant, Malik Baldwin, appeals his sentence following a guilty plea. His appointed counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), and Mr. Baldwin responded by proposing three issues for this Court's review. Having independently reviewed the record, counsel's *Anders* brief, and the issues proposed by Mr. Baldwin, this Court grants counsel's motion to withdraw and affirms the judgment of the Summit County Court of Common Pleas.

I.

{¶2} Mr. Baldwin pleaded guilty to one count of voluntary manslaughter in violation of R.C. 2903.03(A), with an attendant firearm specification, and one count of kidnapping in violation of R.C. 2905.01(A)(2). His written plea agreement reflected an agreed sentence consisting of a ten-year prison term for the voluntary manslaughter conviction, a three-year prison term for the firearm specification, and a seven-year prison term for the kidnapping

conviction. The plea agreement provided that all of the prison terms would be served consecutively "for [a] 20 year total" term. The trial court sentenced Mr. Baldwin in accordance with the plea agreement.

{¶3} This Court granted Mr. Baldwin leave to file a delayed appeal. Appointed counsel filed a motion for leave to withdraw accompanied by an *Anders* brief. Consistent with the guidelines in *Anders*, counsel asserted that, after a review of the record, he was unable to find any issues that might support an appeal. *Anders*, 386 U.S. at 744. Mr. Baldwin responded, proposing three issues that he alleged were not wholly frivolous. The State of Ohio filed a response to Mr. Baldwin's brief.

## II.

{¶4} Upon the filing of an *Anders* brief, this Court conducts a full examination of the proceedings to decide whether the case is wholly frivolous. *Id.* One court has elaborated on the nature of a "frivolous" appeal for *Anders* purposes:

> *Anders* equates a frivolous appeal with one that presents issues lacking in arguable merit. An issue does not lack arguable merit merely because the prosecution can be expected to present a strong argument in reply or because it is uncertain whether an appellant will ultimately prevail on that issue on appeal. "An issue lacks arguable merit if, on the facts and law involved, no responsible contention can be made that it offers a basis for reversal."

*State v. Moore*, 2d Dist. Greene No. 07-CA-97, 2009-Ohio-1416, ¶ 4, quoting *State v. Pullen*, 2d Dist. Montgomery No. 19232, 2002-Ohio-6788, ¶ 4. If this Court's independent review reveals that any issue presented is not wholly frivolous or that there are other arguable issues, we must appoint different appellate counsel to represent the appellant. *Pullen* at ¶ 2.

{¶5} Mr. Baldwin has suggested that there are three non-frivolous issues for appeal: that the trial court committed plain error by failing to merge his sentences for voluntary manslaughter and kidnapping, that trial counsel provided ineffective assistance by failing to

advise him that his sentences would not merge, and that his guilty plea was not knowing and voluntary as a result.

{¶6} The failure to merge allied offenses can be raised after a guilty plea if not affirmatively waived. *See State v. Rogers*, 143 Ohio St.3d 385, 2015-Ohio-2459, ¶ 20, citing *State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, ¶ 29. Such a failure may also constitute plain error, but the appellant must demonstrate that as the result of the alleged error, the outcome of the proceeding would have been different. *See Rogers* at ¶ 3 ("[A]n accused has the burden to demonstrate a reasonable probability that the convictions are for allied offenses of similar import committed with the same conduct and without a separate animus; absent that showing, the accused cannot demonstrate that the trial court's failure to inquire whether the convictions merge for purposes of sentencing was plain error.").

{¶7} In this case, the record does not contain any information from which this Court could determine whether the offenses at issue were allied. *See generally State v. Ruff*, 143 Ohio St.3d 114, 2015-Ohio-995, paragraphs one and three of the syllabus. The record therefore demonstrates neither plain error nor ineffective assistance of counsel. *See Rogers* at ¶ 22 (noting that in demonstrating plain error, "[t]he accused is * * * required to demonstrate a reasonable *probability* that the error resulted in prejudice—the same deferential standard for reviewing ineffective assistance of counsel claims.") (Emphasis in original.). Mr. Baldwin's written plea agreement also clearly contemplated that he would serve three consecutive prison sentences totaling twenty years, so the record does not demonstrate that his plea was not knowing and voluntary.

{¶8} Upon this Court's own full, independent examination of the record, we agree that there are no appealable, non-frivolous issues in this case. *See State v. Randles*, 9th Dist. Summit

No. 23857, 2008-Ohio-662, ¶ 6; citing *State v. Lowe*, 9th Dist. Lorain No. 97CA006758, 1998 WL 161274, *3 (Apr. 8, 1998). Accordingly, we grant appellate counsel's motion to withdraw and affirm the judgment of the Summit County Court of Common Pleas.

III.

**{¶9}** Having reviewed the entire record and having found that no non-frivolous appealable issues exist, we conclude that Mr. Baldwin's appeal is meritless and wholly frivolous under *Anders*. Mr. Baldwin's appellate counsel's motion to withdraw as counsel is hereby granted. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

LYNNE S. CALLAHAN
FOR THE COURT

TEODOSIO, P. J.
SCHAFER, J.
CONCUR.


APPEARANCES:

DONALD R. HICKS, Attorney at Law, for Appellant.

MALIK SHABAZZ BALDWIN, pro se, Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and JACQUENETTE S. CORGAN, Assistant Prosecuting Attorney, for Appellee.