[Cite as *State v. Cubic*, 2020-Ohio-228.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

STATE OF OHIO

    Appellee

v.

PHILLIP CUBIC

    Appellant

C.A. No.     18CA0099-M

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF MEDINA, OHIO
CASE No.    17 CR 0870

DECISION AND JOURNAL ENTRY

Dated: January 27, 2020

CARR, Presiding Judge.

{¶1} Appellant, Phillip Cubic, appeals the judgment of the Medina County Court of Common Pleas. This Court affirms.

I.

{¶2} On October 4, 2017, the Medina County Grand Jury returned an indictment charging Cubic with one count of aggravated menacing in violation of R.C. 2903.21(A), a felony of the fifth degree. Cubic initially pleaded not guilty to the charge at arraignment. Thereafter, Cubic appeared for a change of plea hearing and entered a plea of no contest. The trial court found Cubic guilty and imposed a three-year term of community control with a number of sanctions. The trial court issued its sentencing entry on October 3, 2018.

{¶3} Cubic filed a timely notice of appeal.

II.

{¶4} On February 14, 2019, Cubic's appellate counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that he had reviewed the record and concluded that there were no assignments of error to be found in this case. Thereafter, this Court issued a magistrate's order striking the filing on the basis that it did not comport with the requirements for a proper *Anders* brief. Appellate counsel subsequently filed an amended *Anders* brief and moved to withdraw as counsel. Appellate counsel also filed a certificate of service stating that he had served Cubic with a copy of the *Anders* brief, as well as a copy of the motion to withdraw. On August 19, 2019, this Court issued a magistrate's order affording Cubic an opportunity to raise any points or arguments in response to the *Anders* brief that he considered necessary. Cubic has not submitted additional arguments for our consideration or otherwise responded.

{¶5} In the *Anders* brief, Cubic's appellate counsel identified three potential issues for appeal, although he ultimately concluded that none of the issues presented a valid basis for appellate review. First, appellate counsel addressed whether the indictment in this case was sufficient to charge the offense of aggravated menacing. Second, appellate counsel explored whether ineffective assistance of trial counsel was a possible issue. Finally, appellate counsel examined whether Cubic's sentence was reasonable and, further, whether it comported with the parties' sentencing agreement. After reviewing the record, appellate counsel determined that an appeal predicated on any of the aforementioned issues would be wholly frivolous.

{¶6} Upon this Court's own thorough, independent examination of the record before us, we conclude that there are no appealable, non-frivolous issues in this case. *See State v. Kosturko*, 9th Dist. Summit No. 26676, 2013-Ohio-2670, ¶ 5; *State v. Randles*, 9th Dist. Summit

No. 23857, 2008-Ohio-662, ¶ 6.  It follows that we grant appellate counsel's motion to withdraw and affirm the judgment of the Medina County Court of Common Pleas.

III.

{¶7}    Upon a full review of the record, we conclude that Cubic's appeal is meritless and wholly frivolous pursuant to *Anders*.  Appellate counsel's motion to withdraw as appellate counsel is hereby granted.  The judgment of the Medina County Court of Common Pleas is affirmed.

Judgment affirmed.

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution.  A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run.  App.R. 22(C).  The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

DONNA J. CARR
FOR THE COURT

HENSAL, J.
SCHAFER, J.
<u>CONCUR.</u>

<u>APPEARANCES:</u>

KRISTOPHER K. AUPPERLE, Attorney at Law, for Appellant.

S. FORREST THOMPSON, Prosecuting Attorney, for Appellee.