[Cite as *State v. Moran*, 2022-Ohio-328.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

| STATE OF OHIO | C.A. No. 20CA011690 |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| MIGUEL MORAN | COURT OF COMMON PLEAS COUNTY OF LORAIN, OHIO |
| Appellant | CASE No. 20CR102025 |

DECISION AND JOURNAL ENTRY

Dated: February 7, 2022

HENSAL, Judge.

{¶1}    Miguel Moran appeals a judgment of the Lorain County Court of Common Pleas that convicted and sentenced him for felonious assault. For the following reasons, this Court affirms.

I.

{¶2}    According to E.D., during an argument at her residence, Mr. Moran punched her repeatedly and threw her into a window, causing her to temporarily lose consciousness and leaving her barely able to move. When she was examined in the emergency room the following day, she had bruises in multiple locations and broken ribs. The Grand Jury indicted Mr. Moran for multiple offenses, including felonious assault with a repeat violent offender specification. At trial, the court dismissed the other charges, but a jury found Mr. Moran guilty of felonious assault. After the court found that Mr. Moran was a repeat violent offender, it sentenced him to a

total of 14 to 18 years imprisonment. It appointed appellate counsel for Mr. Moran, who filed a timely appeal.

## II.

## ASSIGNMENT OF ERROR

{¶3} Mr. Moran's appellate counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that she has reviewed the record and concluded that there are no viable issues to be pursued on appeal. Mr. Moran's counsel has also requested to withdraw as counsel of record in this matter. The record indicates that Mr. Moran was served with a copy of his counsel's brief, and this Court issued a magistrate's order affording Mr. Moran an opportunity to raise arguments after review of the *Anders* brief. Mr. Moran has not responded.

{¶4} In her *Anders* brief, Mr. Moran's counsel identified two possible issues for appeal, but concluded that they were not viable. Counsel first noted that Mr. Moran was in custody for the entire 118 days of untolled time he was awaiting trial. She concedes, however, that, because there was a parole hold the entire time, each day would not be counted as three days under Revised Code Section 2945.71(E). Counsel also noted that, at the beginning of the trial, Mr. Moran attempted to obtain different trial counsel. She also noted that Mr. Moran's counsel did not call any witnesses or present any evidence in his defense. She, therefore, questioned whether counsel's representation was adequate. She concedes, however, that Mr. Moran would not be able to establish on direct appeal that his trial may have been different if counsel had performed differently or used other trial strategies.

{¶5} Upon this Court's own full, independent examination of the record, we agree that there are no appealable, non-frivolous issues in this case. *See State v. Randles*, 9th Dist. Summit

No. 23857, 2008-Ohio-662, ¶ 6; *State v. Lowe*, 9th Dist. Lorain No. 97CA006758, 1998 WL 161274, *3 (Apr. 8, 1998). We, therefore, grant appellate counsel's request to withdraw.

### III.

{¶6}    Having reviewed the entire record and having found that no appealable issues exist, this Court concludes that Mr. Moran's appeal is meritless and wholly frivolous under *Anders*. Mr. Moran's counsel is granted leave to withdraw. The judgment of the Lorain County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JENNIFER HENSAL
FOR THE COURT

TEODOSIO, P. J.
CARR, J.
CONCUR.


APPEARANCES:

GIOVANNA M. BREMKE, Attorney at Law, for Appellant.

J.D. TOMLINSON, Prosecuting Attorney, for Appellee.