[Cite as *State v. Gilbert*, 2022-Ohio-602.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

STATE OF OHIO

    Appellee

v.

RYAN GILBERT

    Appellant

C.A. No.     30085

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CR-2020-05-1231

DECISION AND JOURNAL ENTRY

Dated: March 2, 2022

SUTTON, Judge.

{¶1} Defendant-Appellant, Ryan Gilbert, appeals his conviction and sentence following a guilty plea taken by the Summit County Court of Common Pleas. This Court affirms.

I.

**Relevant Background**

{¶2} The present appeal arises from an incident at Circle K where Mr. Gilbert punched J.J., the mother of his child, twice in the face. After engaging in a plea colloquy with the trial court, pursuant to Crim.R. 11, Mr. Gilbert pleaded guilty to domestic violence, in violation of R.C. 2919.25(A) and R.C. 2919.25(D)(3), a felony of the fourth degree. Although the State recommended prison time, the trial court sentenced Mr. Gilbert to: (1) 30 months community control; (2) an additional 9 months in the Residential Institutional Probation Program at Oriana

House; (3) a reserved prison sentence up to 18 months; and (4) a continued protection order for the victim.

{¶3} On September 8, 2021, this Court granted Mr. Gilbert leave to file a delayed appeal. Mr. Gilbert's counsel, pursuant to *Anders v. California*, 386 U.S. 738 (1967), then filed a motion for leave to withdraw accompanied by an *Anders* brief. Consistent with the guidelines set forth in *Anders*, Mr. Gilbert's counsel asserted that, after a review of the record, he was unable to find any issues that might support an appeal. *Anders* at 744. The record reveals Mr. Gilbert was served with a copy of his counsel's brief, and this Court afforded Mr. Gilbert the opportunity to raise arguments after review of the *Anders* brief. Mr. Gilbert, however, has not responded to his counsel's *Anders* brief or raised any additional arguments for our review.

## II.

## ASSIGNMENT OF ERROR

**[MR.] GILBERT'S PLEA WAS NOT KNOWINGLY, INTELLIGENTLY, OR VOLUNTARILY ENTERED INTO[.]**

{¶4} Upon the filing of an *Anders* brief, this Court conducts a full examination of the proceedings to decide whether the case is "wholly frivolous." *State v. Baldwin*, 9th Dist. Summit No. 291765, 2019-Ohio-2542, ¶ 4.

> *Anders* equates a frivolous appeal with one that presents issues lacking in arguable merit. An issue does not lack arguable merit merely because the prosecution can be expected to present a strong argument in reply or because it is uncertain whether an appellant will ultimately prevail on that issue on appeal. "An issue lacks arguable merit if, on the facts and law involved, no responsible contention can be made that it offers a basis for reversal."

*Id.*, quoting *State v. Moore*, 2d Dist. Greene No. 07-CA-97, 2009-Ohio-1416, ¶ 4, quoting *State v. Pullen*, 2d Dist. Montgomery No. 19232, 2002-Ohio-6788, ¶ 4. "If this Court's independent review reveals that any issue presented is not wholly frivolous or that there are other arguable

issues, we must appoint different appellate counsel to represent the appellant." *Id.* at ¶ 4, citing *Pullen* at ¶ 2.

{¶5} In the *Anders* brief, counsel identified one possible issue for appeal, but concluded it was not viable. Specifically, counsel stated:

> [Mr. Gilbert] wanted probation for his plea of guilt. * * * The [c]ourt advised [Mr. Gilbert] that no attorney could make that guarantee. * * * At sentencing the [c]ourt imposed probation, however, the [c]ourt added nine months [in the Residential Institutional Probation Program] as another condition of [Mr. Gilbert's] sentence. * * *
>
> However, the [c]ourt inquired of [Mr. Gilbert] extensively and made sure it had gone over [Mr. Gilbert's] rights, prior to [Mr. Gilbert] entering his plea. Thus, this assignment of error is without merit.

{¶6} Subsequent to this Court's own full, independent examination of the record, including the plea and sentencing transcripts, we agree there are no appealable, non-frivolous issues in this case. *See Baldwin* at ¶ 8; *see also State v. Randles*, 9th Dist. Summit No. 23857, 2008-Ohio-662, ¶ 6. Thus, pursuant to *Anders*, *supra*, Mr. Gilbert's appeal is meritless and wholly frivolous.

{¶7} Accordingly, this Court grants Mr. Gilbert's counsel's motion to withdraw and affirms the judgment of the Summit County Court of Common Pleas.

### III.

{¶8} For the reasons stated above, Mr. Gilbert's counsel's motion to withdraw is granted. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
BETTY SUTTON
FOR THE COURT

TEODOSIO, P. J.
HENSAL, J.
CONCUR.

APPEARANCES:

WESLEY C. BUCHANAN, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and JACQUENETTE CORGAN, Assistant Prosecuting Attorney, for Appellee.