[Cite as *State v. Perrin*, 2023-Ohio-1962.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| | |
|---|---|
| STATE OF OHIO | C.A. No.  30413 |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| JASON E. PERRIN | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No.  CR-2021-04-138613 |

DECISION AND JOURNAL ENTRY

Dated: June 14, 2023

SUTTON, Presiding Judge.

{¶1}     Defendant-Appellant, Jason Perrin, appeals his conviction and sentence following a guilty plea taken by the Summit County Court of Common Pleas.  This Court affirms.

I.

**Relevant Background**

{¶2}     Mr. Perrin was indicted on three counts of trafficking in: (1) a fentanyl-related compound; (2) heroin; and (3) cocaine, felonies of the first degree, with major drug offender, firearm, and forfeiture specifications.  Mr. Perrin was also indicted on three counts of possession of: (1) a fentanyl-related compound; (2) heroin; and (3) cocaine, felonies of the first degree, with major drug offender specifications.  Mr. Perrin originally pleaded not guilty to the indictment. However, after the State agreed to amend the charges, Mr. Perrin pleaded guilty to three counts of trafficking in: (1) a fentanyl-related compound; (2) heroin; and (3) cocaine, felonies of the second

degree, with firearm and forfeiture specifications, and three counts of possession of: (1) a fentanyl-related compound; (2) heroin; and (3) cocaine, felonies of the second degree.

{¶3} The parties further agreed to merge certain counts/specifications and to an aggregate sentence of 8-years imprisonment. The trial court accepted the parties' recommendation and sentenced Mr. Perrin to a mandatory 1-year sentence on the firearm specification to be served consecutively with an agreed indefinite term of a minimum of not less than 7 years and a maximum of not more than 10 ½ years, which is a mandatory prison term.

{¶4} Pursuant to *Anders v. California*, 386 U.S. 738 (1967), Mr. Perrin's counsel filed a motion for leave to withdraw accompanied by an *Anders* brief. Consistent with the guidelines set forth in *Anders*, *supra*, Mr. Perrin's counsel asserted that, after a review of the record, he was unable to find any issues that might support an appeal. *Anders* at 744. The record reveals Mr. Perrin was served with a copy of his counsel's brief, and this Court afforded Mr. Perrin the opportunity to raise arguments after review of the *Anders* brief. Mr. Perrin, however, has not responded to his counsel's *Anders* brief or raised any additional arguments for our review.

## II.

## <u>ASSIGNMENT OF ERROR</u>

**THE TRIAL COURT'S ACCEPTANCE OF THE GUILTY PLEA AND CONVICTION WAS CONTRARY TO LAW.**

{¶5} Upon the filing of an *Anders* brief, this Court conducts a full examination of the proceedings to decide whether the case is "wholly frivolous." *State v. Baldwin*, 9th Dist. Summit No. 29176, 2019-Ohio-2542, ¶ 4.

> *Anders* equates a frivolous appeal with one that presents issues lacking in arguable merit. An issue does not lack arguable merit merely because the prosecution can be expected to present a strong argument in reply or because it is uncertain whether an appellant will ultimately prevail on that issue on appeal. "An issue lacks arguable

merit if, on the facts and law involved, no responsible contention can be made that it offers a basis for reversal."

*Id.*, quoting *State v. Moore*, 2d Dist. Greene No. 07-CA-97, 2009-Ohio-1416, ¶ 4, quoting *State v. Pullen*, 2d Dist. Montgomery No. 19232, 2002-Ohio-6788, ¶ 4. "If this Court's independent review reveals that any issue presented is not wholly frivolous or that there are other arguable issues, we must appoint different appellate counsel to represent the appellant." *Baldwin* at ¶ 4, citing *Pullen* at ¶ 2.

{¶6} In the *Anders* brief, counsel identified one possible issue for appeal, but concluded it was not viable. Specifically, counsel stated, "[Mr. Perrin's] counsel is unable to identify any issues in the indictment, the plea colloquy, or the sentencing of [Mr. Perrin]." Further, counsel asked this Court to review: "(1) [w]hether the [t]rial [c]ourt's [a]cceptance of the [g]uilty [p]lea and [c]onviction was [c]ontrary to [l]aw; (2) [w]hether the [g]uilty [p]lea [w]as [t]aken in [a]ccordance with [l]aw; (3) [s]ufficiency of [t]he [i]ndictment; [and] (4) [w]hether the [s]entence [i]mposed was [r]easonable."

{¶7} Subsequent to this Court's own full, independent examination of the record, including the indictment, plea, and sentencing transcripts, we agree there are no appealable, non-frivolous issues in this case. Specifically, the indictment was sufficient, the plea was taken in accordance with law, and the sentence was reasonable and not contrary to law. *See Baldwin* at ¶ 8; *see also State v. Randles*, 9th Dist. Summit No. 23857, 2008-Ohio-662, ¶ 6. Thus, pursuant to *Anders*, *supra*, Mr. Perrin's appeal is meritless and wholly frivolous.

{¶8} Accordingly, this Court grants Mr. Perrin's counsel's motion to withdraw and affirms the judgment of the Summit County Court of Common Pleas.

4

III.

**{¶9}**    For the reasons stated above, Mr. Perrin's counsel's motion to withdraw is granted. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

―――――

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
BETTY SUTTON
FOR THE COURT

CARR, J.
HENSAL, J.
CONCUR.

APPEARANCES:

TY A. GRAHAM, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and HEAVEN R. DIMARTINO, Assistant Prosecuting Attorney, for Appellee.