[Cite as *State v. Workman*, 2023-Ohio-4303.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| | |
|---|---|
| STATE OF OHIO | C.A. No.     30333 |
|     Appellee | |
|     v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| JAMES WORKMAN | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
|     Appellant | CASE No.     CR-2021-11-4061 |

DECISION AND JOURNAL ENTRY

Dated: November 29, 2023

HENSAL, Presiding Judge.

**{¶1}** James Workman appeals his convictions in the Summit County Court of Common Pleas. For the following reasons, this Court affirms.

I.

**{¶2}** According to police, Mr. Workman ran over an officer during a traffic stop. The Grand Jury indicted him for felonious assault, failure to comply with the order or signal of a police officer, and violating a protection order. Mr. Workman pleaded guilty to the offenses in exchange for the State asking for no more than six years imprisonment. The trial court accepted Mr. Workman's plea and sentenced him to a total of five to seven years imprisonment. The court had Mr. Workman appear before it again two days later so that it could address his post-release control obligations. It subsequently appointed appellate counsel for Mr. Workman, who filed a timely appeal.

II.

**{¶3}** Mr. Workman's appellate counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that he has reviewed the record and concluded that there are no viable issues to be pursued on appeal. Mr. Workman's counsel has also requested to withdraw as counsel of record in this matter. The record indicates that Mr. Workman was served with a copy of his counsel's brief, and this Court issued a magistrate's order affording Mr. Workman an opportunity to raise arguments after review of the *Anders* brief. Mr. Workman has not responded.

**{¶4}** In his *Anders* brief, Mr. Workman's counsel identified one potential issue for appeal, but concluded it was not viable. Counsel notes that a guilty plea must be knowingly, intelligently, and voluntarily made after proper advice and with a full understanding of the consequences. He notes, however, that the trial court went over Mr. Workman's trial rights, advised him that the offenses would likely result in a prison sentence, told him the length of the potential sentence, and informed him of post-release control. Counsel also notes that, although the court failed to advise Mr. Workman of post-release control at the sentencing hearing, it corrected the error by having Mr. Workman appear before the court again a couple of days later to tell him about his post-release control obligations.

**{¶5}** Upon this Court's own full, independent examination of the record, we agree that there are no appealable, non-frivolous issues in this case. *See State v. Randles*, 9th Dist. Summit No. 23857, 2008-Ohio-662, ¶ 6; *State v. Lowe*, 9th Dist. Lorain No. 97CA006758, 1998 WL 161274, *3 (Apr. 8, 1998). We, therefore, grant appellate counsel's request to withdraw.

III.

{¶6}     Having reviewed the entire record and having found that no appealable issues exist, this Court concludes that Mr. Workman's appeal is meritless and wholly frivolous under *Anders*. Mr. Workman's counsel is granted leave to withdraw.  The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

_____

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution.  A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run.  App.R. 22(C).  The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
JENNIFER HENSAL
FOR THE COURT

CARR, J.
SUTTON, J.
<u>CONCUR.</u>

<u>APPEARANCES:</u>

WESLEY C. BUCHANAN and ANNA K. LEY, Attorneys at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and HEAVEN R. DIMARTINO, Assistant Prosecuting Attorney, for Appellee.