[Cite as *State v. Barth*, 2024-Ohio-3226.]

| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | | |

| STATE OF OHIO | | C.A. No. 2024CA0006-M |
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| RYAN BARTH | | COURT OF COMMON PLEAS COUNTY OF MEDINA, OHIO |
| Appellant | | CASE No. 20CR0738 |

DECISION AND JOURNAL ENTRY

Dated: August 26, 2024

CARR, Judge.

{¶1} Appellant, Ryan Barth, appeals the judgment of the Medina County Court of Common Pleas. This Court affirms.

I.

{¶2} In 2020, the Medina County Grand Jury indicted Barth on six counts of nonsupport of dependents in violation of R.C. 2919.21(B). Barth ultimately pleaded guilty to the charges. The trial court imposed a five-year term of community control. The trial court set forth a series of terms and conditions pertaining to the community control sanction and placed Barth under the supervision of the Medina County Adult Probation Department. At the time Barth was sentenced, the trial court notified him that it would impose a 12-month prison sentence if he violated the terms and conditions of community control.

{¶3} On January 3, 2023, Barth's probation officer filed a statement of violations and request for community control sanction to be revoked. The probation officer averred that Barth

had failed to report to the probation department on multiple occasions, that Barth had failed to submit to drug screens on multiple occasions, and that Barth had been charged with a second-degree misdemeanor count of obstructing official business in the Akron Municipal Court. Two days later, on January 5, 2023, the probation officer filed a second statement of violation indicating that Barth had failed to pay the minimum monthly child support obligation in violation of his community control sanction. After initially entering a plea of denial, Barth admitted the violations. The trial court accepted the admission and found Barth to be in violation of the terms and conditions of community control. The trial court imposed a 30-day jail sentence with credit for time served and ordered that all other terms and conditions of community control remain in effect.

{¶4} On December 26, 2023, Barth's probation officer filed a statement of violation and request for community control to be revoked based on a new series of violations. Specifically, the probation officer averred that Barth had continued to fail to report to the probation department, that Barth had failed to pay the minimum monthly child support obligation in violation of his community control sanction, and that Barth had been convicted of aggravated possession of drugs and assault in the Stark County Court of Common Pleas. Barth denied the charges at the initial hearing and counsel was appointed on his behalf. Thereafter, the parties appeared for a hearing where Barth admitted the violations. The trial court accepted the admission and found Barth to be in violation of the terms and conditions of community control. The trial court imposed a 12-month term of incarceration and awarded Barth credit for time served.

II.

{¶5} Appellate counsel for Barth has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), indicating that she has reviewed the record and determined that there are no viable issues to be raised in this appeal. Appellate counsel has also requested to withdraw as counsel of

record in this matter. A review of the record indicates that Barth was served with a copy of the *Anders* brief. On April 30, 2024, this Court issued a magistrate's order affording Barth an opportunity to raise any points he feels necessary after his review of the *Anders* brief. Barth did not file a response.

{¶6} In the *Anders* brief, appellate counsel identified two potential issues for appeal but ultimately concluded that those issues were not viable. Appellate counsel highlighted that the trial court elected to sentence Barth to a 12-month term of incarceration. However, appellate counsel observed that the 12-month term was consistent with the notice Barth received at the time he was originally sentenced in 2022 and, further, that the trial court complied with all of the requisite sentencing statutes in imposing sentence. Appellate counsel further noted that the trial court did not hold a separate hearing regarding Barth's ability to pay child support prior to imposing a community control condition that Barth was required to meet his monthly child support obligations as determined by the domestic relations court and the Medina County Child Support Enforcement Agency. Appellate counsel explained in the *Anders* brief that the trial court was under no legal obligation to hold a hearing in this regard. Appellate counsel further noted that the domestic relations court previously considered Barth's ability to make payments and, pursuant to this Court's decision in *State v. Morrow*, 2015-Ohio-2627, ¶ 18 (9th Dist.), the trial court was not required to reconsider the underlying orders that established Barth's support obligation.

{¶7} Upon this Court's independent examination of the record, we agree that there are no appealable, non-frivolous issues in this case. *See State v. Randles*, 2008-Ohio-662, ¶ 6 (9th Dist.); *State v. Hammond*, 2016-Ohio-7027, ¶ 8 (9th Dist.). Therefore, appellate counsel's request to withdraw is granted.

III.

**{¶8}** Having reviewed the entire record and having found that no appealable issues exist, this Court concludes that Barth's appeal is meritless and wholly frivolous under *Anders*. The motion to withdraw filed by appellate counsel for Barth is granted. The judgment of the Medina County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

DONNA J. CARR
FOR THE COURT

STEVENSON, P. J.
HENSAL, J.
CONCUR.

APPEARANCES:

YU MI KIM-REYNOLDS, Attorney at Law, for Appellant.

S. FORREST THOMPSON, Prosecuting Attorney, for Appellee.