[Cite as *State v. Vetrano*, 2025-Ohio-36.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| STATE OF OHIO | | C.A. No. 31084 |
|---|---|---|
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| DOMENICK VETRANO, JR. | | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | | CASE No. CR-2023-03-0965 |

DECISION AND JOURNAL ENTRY

Dated: January 8, 2025

CARR, Judge.

{¶1} Appellant, Domenick Vetrano, Jr., appeals the judgment of the Summit County Court of Common Pleas. This Court affirms.

I.

{¶2} During a birthday party for his daughter at the Cuyahoga Falls Natatorium, Vetrano was involved in an altercation with C.M., who is the mother of his children. When C.M.'s father attempted to diffuse the situation, Vetrano assaulted him. Vetrano subsequently assaulted a lifeguard who attempted to separate the individuals involved in the altercation.

{¶3} In relation to the incident, the Summit County Grand Jury indicted Vetrano on one count of domestic violence in violation of R.C. 2919.25(A)/(D)(4), a felony of the third degree, and one count of assault in violation of R.C. 2903.13(A)/(C)(1), a misdemeanor of the first degree. After initially pleading not guilty to the charges at arraignment, Vetrano subsequently pleaded guilty to the indictment. After ordering a presentence investigation report, the trial court imposed

a 24-month prison sentence for domestic violence and a 180-day prison sentence for assault. The trial court ordered that the sentences in this case were to be served concurrently with each other, but consecutively to Vetrano's prison sentence for a separate domestic violence case in Trumbull County, Case No. 2023CR7674.

## II.

{¶4} Appellate counsel for Vetrano has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), indicating that he has thoroughly reviewed the record and determined that there are no viable issues to be raised in this appeal. Appellate counsel has also requested to withdraw as counsel of record in this matter. A review of the record indicates that Vetrano was served with a copy of the *Anders* brief. On June 24, 2024, this Court issued a magistrate's order affording Vetrano an opportunity to raise any points he feels necessary after his review of the *Anders* brief. Vetrano did not file a response.

{¶5} Although Appellate counsel noted three potential assignments of error in the *Anders* brief, he ultimately concluded that those issues were not viable. First, in regard to whether Vetrano's plea was knowing, intelligent, and voluntary, appellate counsel noted in the *Anders* brief that the trial court "went over [Vetrano's] rights explicitly." Second, with respect to the performance of trial counsel at the plea hearing, appellate counsel noted that trial counsel informed Vetrano of the consequences of pleading guilty and ensured that he would have the opportunity to make arguments for a reduced sentence at the time of sentencing. A review of the transcript confirms that the trial court engaged in a thorough colloquy regarding Vetrano's rights at the plea hearing and that trial counsel engaged in zealous representation of Vetrano, both at the plea hearing and at sentencing. Finally, appellate counsel highlighted that the trial court ordered that the prison sentence in this case was to be served consecutively to the prison sentence imposed in a separate

criminal case in Trumbull County. Notably, however, appellate counsel explained that the sentence imposed by the trial court was not contrary to law and, further, that the trial court made the requisite findings in support of its decision to run the sentences consecutively.

{¶6} Upon this Court's independent examination of the record, we agree that there are no appealable, non-frivolous issues in this case. *See State v. Randles*, 2008-Ohio-662, ¶ 6 (9th Dist.); *State v. Barth*, 2024-Ohio-3226, ¶ 7 (9th Dist.). Therefore, appellate counsel's request to withdraw is granted.

## III.

{¶7} Having reviewed the entire record and having found that no appealable issues exist, this Court concludes that Vetrano's appeal is meritless and wholly frivolous under *Anders*. The motion to withdraw filed by Vetrano's appellate counsel is granted. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

―――――

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to

mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

DONNA J. CARR
FOR THE COURT

STEVENSON, P. J.
FLAGG LANZINGER, J.
CONCUR.

APPEARANCES:

WESLEY C. BUCHANAN, Attorney at Law, for Appellant.

ELLIOT KOLKOVICH, Prosecuting Attorney, and HEAVEN R. DIMARTINO, Assistant Prosecuting Attorney, for Appellee.