[Cite as *State v. Hammond*, 2016-Ohio-7027.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| STATE OF OHIO | | C.A. No.     27793 |
| | | |
| Appellee | | |
| | | |
| v. | | APPEAL FROM JUDGMENT |
| | | ENTERED IN THE |
| THEODORE HAMMOND | | COURT OF COMMON PLEAS |
| | | COUNTY OF SUMMIT, OHIO |
| Appellant | | CASE No.     CR 2015 01 0118 |

DECISION AND JOURNAL ENTRY

Dated: September 28, 2016

---

CARR, Judge.

{¶1}    Appellant, Theodore Hammond, appeals the judgment of the Summit County Court of Common Pleas. This Court affirms.

I.

{¶2}    Hammond was convicted of rape and required to register as a sex offender under Megan's Law. Upon his release from prison, he reported as required, occasionally appearing late after receiving a reminder letter. In 2014, he failed to register at his annual anniversary date. He was charged with failing to register, a third-degree felony. He waived his right to a jury trial and, following a bench trial, he was found guilty. Although Hammond argued for community control, and the state sought a sentence of 18 months, the trial court imposed one year of imprisonment. The trial court appointed counsel for appeal.

{¶3}    Hammond's appellate counsel has filed a brief pursuant to *Anders v. California,* 386 U.S. 738 (1967), stating that he has reviewed the record and concluded that there are no

viable issues to be pursued on appeal. Hammond's counsel has also moved to withdraw as counsel of record in this matter. The record reflects that Hammond was served with a copy of his counsel's brief, and this Court issued a Magistrate's Order affording Hammond an opportunity to raise arguments after review of the *Anders* brief. Hammond has not filed a brief on his own behalf.

{¶4} *Anders* cases present a challenge to the ordinary appellate process. When appointed counsel, after a thorough examination of the trial court record, is unable to identify any non-frivolous issues, counsel should file an *Anders* brief. It should go without saying that filing an *Anders* brief should be a last resort, not a first option.[1]

{¶5} We now turn to appellate counsel's proposed issues for review.

II.

ASSIGNMENT OF ERROR

COUNSEL HAS REVIEWED THE RECORD AND TRANSCRIPTS AND CAN
SEE NO REVERSIBLE ERROR COMMITTED BY THE TRIAL COURT IN
EITHER THE TRIAL OR SENTENCING HEARING.

{¶6} Appellate counsel identified eight issues for review:

(1) Whether appellant's registration obligation was properly calculated from start to finish.

(2) Whether appellant's waiver of a jury trial followed strict compliance with R.C. 2945.05 and was knowing, intelligent, and voluntary.

(3) Whether counsel was ineffective in appellant's defense.

(4) Whether appellant was properly charged and sentenced under Ohio law.

(5) Whether the evidence was sufficient to convict appellant of the crime charged.

---

[1] Guidelines for drafting an *Anders* brief are available on this Court's website at www.ninth.courts.state.oh.us/Anders.htm.

(6) Whether the manifest weight of the evidence was sufficient to support a conviction of appellant.

(7) Whether the statute which appellant was charged under is unconstitutional.

(8) Whether the offense constituted Double Jeopardy?

{¶7} Appellate counsel's brief sets forth the applicable law for each of these issues and addresses the relevant facts. Appellate counsel concludes that there are no issues that were not wholly frivolous. Based on counsel's analysis of these issues, and this Court's own full, independent examination of the record, we agree that there are no appealable, non-frivolous issues in this case. *See State v. Randles,* 9th Dist. Summit No. 23857, 2008–Ohio–662, ¶ 6. We, therefore, grant appellate counsel's motion to withdraw.

III.

{¶8} Having reviewed the entire record and having found that no appealable issues exist, this Court concludes that Hammond's appeal is meritless and wholly frivolous under *Anders.* The motion to withdraw filed by Hammond's counsel is granted. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

––––––

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is

instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

     Costs taxed to Appellant.

 

DONNA J. CARR
FOR THE COURT

HENSAL, P. J.
WHITMORE, J.
CONCUR.

APPEARANCES:

RYAN RAMAGE, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and HEAVEN DIMARTINO, Assistant Prosecuting Attorney, for Appellee.