[Cite as *State v. Ross*, 2024-Ohio-4531.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

| STATE OF OHIO | C.A. No. 23CA012061 |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| JOCQUEZ ROSS | COURT OF COMMON PLEAS COUNTY OF LORAIN, OHIO |
| Appellant | CASE No. 17CR095533 |

DECISION AND JOURNAL ENTRY

Dated: September 16, 2024

CARR, Judge.

{¶1}    Appellant, Jocquez Ross, appeals the judgment of the Lorain County Court of Common Pleas.  This Court affirms.

I.

{¶2}    Ross was involved in a fatal shooting in Elyria that resulted in the deaths of a married couple, M.L. and F.T.  In 2017, the Lorain County Grand Jury indicted Ross on a litany of charges and specifications in relation to the incident.  While the majority of counts and specifications were tried to a jury, Ross elected to have the charge of having weapons while under disability, as well as the repeat violent offender specifications, tried to the bench.  In regard to M.L., the jury found Ross guilty of aggravated murder and numerous additional offenses and specifications.  With respect to F.T., the jury found Ross not guilty of aggravated murder but guilty of murder, as well as several additional offenses and specifications.  The jury found Ross not guilty of one count of tampering with evidence.  The trial court found Ross guilty of having a weapon

while under disability, as well as being a repeat violent offender. The trial court sentenced Ross to life in prison with parole eligibility after 43 years.

{¶3} Ross filed a timely notice of appeal. The State filed a cross-appeal pertaining to Ross's sentence. This Court overruled Ross's assignments of error and affirmed the judgment, in part, but sustained the State's assignment of error pertaining to the trial court's failure to properly impose prison terms on certain firearm specifications. *State v. Ross*, 2023-Ohio-1185, ¶ 64, 69 (9th Dist.). Specifically, this Court vacated Ross's sentence to the extent that the trial court improperly merged the firearm specifications for the aggravated murder count pertaining to M.L. and the murder count pertaining to F.T., and remanded the matter to the trial court for resentencing on those firearm specifications. *Id.* at ¶ 64.

{¶4} On remand, the trial court imposed prison terms on both firearm specifications and ordered those terms to be served consecutively, which increased Ross's total prison sentence to 46 years to life in prison. The trial court appointed appellate counsel, who filed a timely notice of appeal.

II.

{¶5} Appellate counsel for Ross has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), wherein he indicated that he has reviewed the record and concluded that there are no viable issues to raise on appeal. Appellate counsel has also moved to withdraw. The record reflects that Ross was served with a copy of the *Anders* brief. Ross filed a response to the *Anders* brief and a request for appointment of counsel.

{¶6} In the *Anders* brief, appellate counsel emphasized the limited scope of the remand to the trial court after this Court's 2023 decision. Appellate counsel identified one potential issue for appeal but concluded it was not viable. Appellate counsel notes that Ross was entitled to the

effective assistance of counsel at his resentencing. Given that the trial court complied with this Court's mandate and properly imposed sentence on the firearm specifications, however, appellate counsel concluded that an ineffective assistance claim on appeal would not be viable.

{¶7} In his response to the *Anders* brief, Ross did not raise an argument specific to the manner in which the trial court resentenced him on the relevant firearm specifications. Instead, Ross argued that, because the resentencing resulted in his total sentence being increased by three years, he should now be able to raise issues pertaining to his underlying convictions. As noted above, Ross already filed a direct appeal in this matter and this Court rejected his assignments of error. The scope of this Court's remand was limited to the issue of properly imposing prison terms on certain firearm specifications. *See Ross*, 2023-Ohio-1185, ¶ 64 ("The matter is remanded for resentencing on those [firearm] specifications."). While Ross identified several issues in his response to the *Anders* brief that pertain to his underlying convictions, those issues fall outside the scope of what this Court could consider in an appeal after Ross's resentencing.

{¶8} After this Court's independent examination of the record, we agree that there are no appealable, non-frivolous issues that can be raised on appeal. *See State v. Randles*, 2008-Ohio-662, ¶ 6 (9th Dist.); *State v. Hammond*, 2016-Ohio-7027, ¶ 8 (9th Dist.). It follows that appellate counsel's request to withdraw is granted.

### III.

{¶9} Having reviewed the relevant portions of the record and determined that no appealable issues exist, this Court concludes that Ross's appeal is meritless and wholly frivolous under *Anders*. Appellate counsel's request to withdraw is granted. Ross's request for the appointment of new counsel is denied. The judgment of the Lorain County Court of Common Pleas is affirmed.

4

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

DONNA J. CARR
FOR THE COURT

STEVENSON, P. J.
HENSAL, J.
CONCUR.


APPEARANCES:

BRETT F. MURNER, Attorney at Law, for Appellant.

J.D. TOMLINSON, Prosecuting Attorney, for Appellee.